■ 80-05 GRAND CENTRAL PARKWAY CORP., Appellant, v COMMISSIONER OF FINANCE OF THE CITY OF NEW YORK, Respondent. [595 NYS2d 401] —Leave to appeal to Court of Appeals from this Court's unpublished decision and order (Appeal No. 45112) entered on October 22, 1992 denied as moot; reargument granted to extent of recalling and vacating the aforesaid decision and order and substituting therefor a new decision and order, decided simultaneously herewith.

Order and judgment (one paper), Supreme Court, New York County (Leland DeGrasse, J.), entered June 14, 1991, which declared the provisions of Local Laws 1986, No. 29 of the City of New York (codified as Administrative Code of City of NY § 11-2502 [a] [3]) to be a valid legislative enactment, unanimously reversed, on the law, and the declaration made that section 11-2502 (a) (3) is null and void, without costs.

Our previous memorandum order on this appeal, which held that the Administrative Code provision under review was authorized by an earlier enabling act is hereby superceded. Upon reargument, we are persuaded that the 1980 enabling legislation cannot be construed to authorize the 1986 enactment. We agree that defendant exceeded its authority in promulgating paragraph (3) of section 11-2502 (a) of the Administrative Code by imposing a 5% tax on a reduced room rate, utilizing the rate that would be paid for a full day. The 1986 amendment to the enabling act (L 1986, ch 219) does not contain language specifically authorizing a flat percentage tax on short-stay occupancies based on the full day rate. The specific authorization contained in the earlier 1980 amendment to the enabling act (L 1980, ch 253) does not authorize the flat percentage tax contained in section 11-2502 (a) (3) either, because it specifically authorizes a local law "imposing the tax at the rates specified in this paragraph (b)" to tax short-stay occupancies. Paragraph (b) specifies a graduated schedule of tax rates, not a flat percentage tax.

We hold that, reading the enabling act in its entirety as amended, the Administrative Code provision exceeds the authorization and is therefore unconstitutional. The 1980 amendment specifically authorizes a method of taxing "short-stay" occupancies which is inconsistent with the percentage method contained in section 11-2502 (a) (3) of the Administrative Code. The 1986 amendment to the enabling act contains no such "short-stay" tax. Such "failure of the Legislature to include a matter within a particular statute is an indication that its exclusion was intended." *(Pajak v Pajak,* 56 NY2d

394, 397.) Concur—Murphy, P. J., Ellerin, Wallach and Rubin, JJ.