■ BUSHWICK HOTEL, INC., et al., Appellants, v DEPARTMENT OF FINANCE OF THE CITY OF NEW YORK et al., Respondents. [709 NYS2d 555] —Order, Supreme Court, New York County (Lottie Wilkins, J.), entered May 11, 1999, which, in this action to recover certain Hotel Room Occupancy Taxes, granted defendants' motion to dismiss the complaint and denied plaintiffs' cross motion for summary judgment, unanimously affirmed, without costs.

On two separate occasions, plaintiffs paid the taxes they now seek to recover at a discounted rate pursuant to negotiated settlements and signed Consent to Audit Adjustment forms,

with the knowledge that the subject provision (Administrative Code of City of NY § 11-2502 [a] [3]) was under legal attack. This Court thereafter, in a lawsuit to which the present plaintiffs were not parties, held the challenged portion of the tax to be unconstitutional (*80-05 Grand Cent. Parkway Corp. v Commissioner of Fin. of City of N. Y.*, 191 AD2d 239). Because plaintiffs did not pay the taxes under written protest, the motion court properly dismissed the complaint asserting a claim for monies had and received (*see, City of Rochester v Chiarella*, 58 NY2d 316, 323; *Mercury Mach. Importing Corp. v City of New York*, 3 NY2d 418, 426; *Matter of Brault v New York State Tax Appeals Tribunal*, 265 AD2d 700, 701). We note that plaintiffs did not plead that the taxes were paid under duress and there is no showing that payment of the taxes was "necessary to avoid threatened interference with present liberty of person or immediate possession of property" (*City of Rochester v Chiarella*, 58 NY2d, *supra*, at 323), or that the City would have made it illegal for plaintiffs to remain in business unless the taxes were paid (*see, Video Aid Corp. v Town of Wallkill*, 85 NY2d 663, 668).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Williams, J. P., Tom, Rubin and Andrias, JJ.