**Alvin [Due Process] WISE**

v.

**Elliot RICHARDSON, Secretary of Health, Education and Welfare.**

**Civ. A. No. 70–415.**

United States District Court,
E. D. Pennsylvania.

Sept. 10, 1974.

Alvin Wise, pro se.

Robert E. J. Curran, U. S. Atty., Paul E. Holl, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

### JOSEPH S. LORD, III, Chief Judge.

Plaintiff, presently incarcerated at the State Correctional Institution at Graterford, brought this action while he was under commitment at Fairview State Hospital for the Criminally Insane.

Basically plaintiff challenges the procedure whereby Farview was appointed representative payee to receive plaintiff's social security benefits, without affording plaintiff a hearing or opportunity to dispute that appointment. Defendant has moved to dismiss plaintiff's Second Amended Complaint.

While there may well be merit to plaintiff's claim of an unconstitutional deprivation of property without due process of law, we are not now in a position to so decide. This is no longer a claim for injunctive or declaratory relief, since plaintiff is now and has been since February, 1972[1] his own payee. All that remains, therefore, is plaintiff's claim for $100,000 in damages.[2]

While Elliot Richardson is named as defendant, he is so named purely in his past official capacity as Secretary of Health, Education and Welfare. This is made clear by plaintiff's claim for relief in which he requests "damages of $100,000 from the Social Security Administration * * *." Inasmuch as such a sum would ultimately come from the United States Treasury, this is, in effect, a suit against the United States and is, therefore, barred by sovereign immunity absent a specific waiver.

No such waiver exists. On the contrary, Section 205(h) of Title II of the Social Security Act, 42 U.S.C. § 405(h), specifically provides that "[n]o action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 41 of Title 28 to recover on any claim arising under this subchapter."[3] Jurisdiction in the district court in such cases is governed solely by § 205(g), authorizing review of final decisions of the Secretary. Therefore, plaintiff is barred from bringing an original action for damages in this court arising under the Social Security laws regardless of other jurisdictional provisions seemingly available.

1. Plaintiff was notified on November 10, 1972 that he had been selected as his own payee, effective February, 1972. Affidavit of Samuel E. Crouch, Acting Director, Bureau of Disability Insurance, Social Security Administration.

2. The jurisdictional posture of the case is therefore dissimilar to that of Mattern v. Weinberger, 377 F.Supp. 906, Civil Action No. 72–2522 (E.D.Pa., filed April 30, 1974), slip op. at 9, or Gainville v. Richardson, 319 F.Supp. 16, 18 (D.Mass.1970).

3. Section 41 originally included all of the jurisdictional provisions relating to the federal district courts. The reference to it in the above statute now refers to sections 1331 to 1359 inclusive. Jamieson v. Weinberger, 379 A.2d 28. Civil Action No. 73–585 (E.D.Pa., filed June 17, 1974), slip op. at 14–15.

■ Even were this treated as an action not specifically arising under Title II, but rather one for redress of the deprivation of plaintiff's constitutional rights, this action must fail. There is no provision for jurisdiction in the district courts for damage suits against the United States arising under the Constitution where more than $10,000 is in controversy.[4] In such cases, jurisdiction in the Court of Claims under 28 U.S.C. § 1491 is exclusive. Myers v. United States, 323 F.2d 580, 583 (C.A. 9, 1963). The damages sought by plaintiff far exceed $10,000, and this court therefore lacks jurisdiction to entertain the suit. Gardner v. United States, 446 F.2d 1195, 1197–1198 (C.A. 2, 1971).

Defendant's motion to dismiss is granted for lack of subject matter jurisdiction.

4. Section 1346(a)(2) of Title 28 provides that "[t]he district courts shall have original jurisdiction, concurrent with the Court of Claims, of [a]ny other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress * * *."