■ KEVIN KNAPTON et al., Individually and as Parents and Natural Guardians of JAMES KNAPTON, an Infant, Appellants, v DONALD E. KITCHIN, Individually and as Commissioner of the St. Lawrence County Department of Social Services, et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Klein, J.), entered March 28, 1983 in Albany County, which granted a motion by defendant State Commissioner of the Department of Social Services to join Margaret Heckler in her capacity as United States Secretary of Health and Human Services, as a party defendant. The action underlying this joinder motion charges the St. Lawrence County Department of Social Services with having wrongfully terminated plaintiffs' Federally reimbursed public assistance benefits. Plaintiff Brenda Knapton received $3,570.11 from a trust account, payable upon her reaching majority, on February 16, 1982; she notified the local social services department of the payment about a week later. By February 18, 1982, she had, however, already spent the money on various household and personal items for herself and her family which at the time included her spouse and their minor child. On June 8, 1982, plaintiffs' eligibility for Federally reimbursed Aid to Dependent Children (ADC) payments was discontinued until November, 1982. Interruption of

those payments was made necessary by reason of the application of a regulation (18 NYCRR 352.29 [h]) which mandates that lump sum income received by ADC recipients be applied to decrease the family's need for future assistance; this regulation was promulgated by the State to enable it to maintain its eligibility to receive Federal financial aid. After a fair hearing was conducted and the State Commissioner of the Department of Social Services affirmed the local agency's determination, plaintiffs commenced this action for declaratory and injunctive relief, challenging the constitutionality of 18 NYCRR 352.29 (h). In the course of the suit, respondent State commissioner, contending that an adverse decision might cause the United States Secretary of Health and Human Services to find that New York State was not in conformity with Federal requirements and withhold Federal funds, moved to join the United States Secretary of Health and Human Services, Margaret Heckler, as a party defendant. When Special Term granted the motion, this appeal by plaintiffs followed. We reverse. CPLR 1001 (subd [a]) defines parties who should be joined as: (1) persons who ought to be parties if complete relief is to be accorded between those who are parties, or (2) persons "who might be inequitably affected by a judgment in the action". Here, complete relief can be afforded between the parties absent joinder of the secretary since plaintiffs apparently qualify for home relief, a non-Federally subsidized State public assistance program. But even if the final outcome of plaintiffs' suit places the State at odds with the United States Department of Health and Human Services by declaring 18 NYCRR 352.29 (h) unconstitutional, "[t]he State is presumably sufficiently equipped to seek an ultimate resolution of the dispute in a more appropriate Federal forum" (*Matter of Bosh v Fahey,* 53 NY2d 896, 901). Nor has the alternative standard for joinder been met, for it refers to instances where the court's determination will adversely effect nonparties (*Matter of Castaways Motel v Schuyler,* 24 NY2d 120, 125, adhered to on rearg 25 NY2d 692). This action, however, is simply between plaintiffs and the State commissioner. Plaintiffs have neither made any claims against the Federal secretary nor sought any relief from her. In addition, the Federal secretary herself has elected to take no position regarding this issue. There is, therefore, no risk that she will be inequitably affected by a judgment in this action. Order reversed, on the law, without costs, and motion denied. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.