■ STEPHEN SHIELDS et al., Appellants, v STEVEN E. KATZ, as Director of the New York State Office of Mental Health, et al., Respondents.—In an action, *inter alia,* for a judgment declaring Mental Hygiene Law § 29.23 unconstitutional and seeking injunctive and monetary relief, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Roncallo, J.), entered March 19, 1987, which granted the defendants' motion to dismiss the complaint for failure to join a necessary party and lack of subject matter jurisdiction.

Ordered that the order is reversed, with costs, and the defendants' motion is denied.

The plaintiffs and the class they seek to represent were at various times patients at Pilgrim State Psychiatric Center (hereinafter Pilgrim State), a facility operated by the New York State Office of Mental Health. Pilgrim State sought and obtained appointment as representative payee to receive the plaintiffs' Social Security benefits after certifying the plaintiffs as incapable of handling their own funds, and without affording them prior notice or an opportunity to dispute the certification. Portions of the plaintiffs' benefits were applied to the cost of their care and maintenance at Pilgrim State without their knowledge or consent. The plaintiffs sued for declaratory and injunctive relief and also sought the return of money representing payments made by the Social Security Administration to the Director of Pilgrim State as representative payee of the plaintiffs.

We find that the Supreme Court erred in dismissing the complaint for failure to join a necessary party and lack of subject matter jurisdiction over the monetary claims against the State.

The Secretary of the United States Department of Health and Human Services (hereinafter the Secretary) is not a party who must be joined in the instant action *(see,* CPLR 3211 [a] [10]; 1001 [b]). Review of the complaint reveals that it is narrowly drawn to challenge only the State law governing the procedure whereby a State mental facility certifies patients as incompetent to manage their own funds and then obtains control and use of the patients' Social Security benefits. In

particular, the plaintiffs seek a declaration regarding the constitutionality of Mental Hygiene Law § 29.23 which provides the authorization for State mental facilities to summarily obtain and appropriate the funds of those patients for whom a committee has not been appointed. The complaint also challenges the failure of the Commissioner of the New York State Office of Mental Health to promulgate regulations designed to implement the rights of mental patients under various provisions of the State Mental Hygiene Law.

We find unpersuasive the defendants' argument that the complaint necessarily implicates Federal law. Although the State mental facility became the representative payee of the plaintiffs' Social Security benefits pursuant to the Social Security Act and its regulations (42 USC § 405 [j]; 20 CFR 404.1601 *et seq.)*, the plaintiffs' challenge is not directed at the meaning or application of the Federal statute and related regulations *(cf., McGrath v Weinberger,* 541 F2d 249; *Morris v Weinberger,* 401 F Supp 1071; *Wise v Richardson,* 383 F Supp 1101). Rather, the plaintiffs challenge the New York statutory scheme pursuant to which State hospitals procure appointment as representative payees of patients' Social Security benefits and apply those benefits to the cost of patients' maintenance without prior notice or an opportunity to be heard on the issue of competency. The Supremacy Clause (US Const, art VI, cl 2) does not preclude the State from promulgating additional procedural safeguards governing the handling of Social Security benefits by State payees *(see, Vecchione v Wohlgemuth,* 426 F Supp 1297, 1307, *affd* 558 F2d 150, *cert denied sub nom. Beal v Vecchione,* 434 US 943; *see also, McAuliffe v Carlson,* 377 F Supp 896; *Ellender v Schweiker,* 575 F Supp 590).

Moreover, the defendants have not established that the Secretary would be adversely affected by the requested declaratory and injunctive relief and it is apparent that complete relief can be accorded between the plaintiffs and the State defendants without joinder of the Secretary *(see, e.g., Matter of Smith v Perales,* 108 AD2d 917; *Knapton v Kitchin,* 98 AD2d 937).

With respect to the the Supreme Court's subject matter jurisdiction over the action, it is well settled that the proper forum for a claim seeking a declaration regarding the constitutionality of a statute is the Supreme Court *(see,* CPLR 3001; *Cavaioli v Board of Trustees,* 116 AD2d 689). Although an action primarily seeking money damages against the State must be brought in the Court of Claims *(see,* NY Const, art VI,

§ 9; Court of Claims Act §§ 8, 9), the Supreme Court may properly consider claims for injunctive and monetary relief against the State which are dependent upon a threshold claim for declaratory relief *(see, Cass v State of New York,* 58 NY2d 460, 463; *Weissman v Evans,* 56 NY2d 458). In this case, the demand for restitution is unquestionably incidental to and dependent upon the resolution of the underlying claims for declaratory relief. Therefore, the Supreme Court should have exercised jurisdiction over the plaintiffs' claims for declaratory, injunctive and monetary relief. Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.