■ WILLIAM CASILLAS et al., Individually and on Behalf of All Other Persons Similarly Situated, Respondents, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, Appellant, et al., Defendant.—In an action seeking, *inter alia,* a declaratory judgment and injunctive relief, the defendant Cesar Perales, Commissioner of New York State Department of Social Services, appeals from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated December 4, 1987, as denied his motion to dismiss the complaint as against him.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied those branches of the defendant's motion which were to dismiss those parts of the complaint that asserted claims for damages against him and for attorney's fees, and substituting therefor a provision granting those branches of his motion; and, as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court correctly concluded that the plaintiffs' amended complaint stated valid causes of action for declaratory and injunctive relief against the defendant Perales and that they had standing to maintain the litigation. However, the court erred in failing to dismiss so much of the complaint as asserted claims for damages and attorney's fees.

Insofar as the claim for damages for emotional and physical distress is a claim sounding in tort and is brought against the defendant in his official capacity, it must be brought in the Court of Claims *(see, Matter of Gross v Perales,* 72 NY2d 231; *Schaffer v Evans,* 57 NY2d 992, *affg* 86 AD2d 708). Moreover, the claim is not incidental to the primary relief sought by the plaintiffs and cannot be maintained in the Supreme Court under the recognized exception relating to actions for declaratory judgment and injunctive relief *(see, Matter of Kendall v Evans,* 100 AD2d 508; *see also, Matter of Gross v Perales, supra; Matter of McKernan v City of New York Civ. Serv. Commn.,* 121 AD2d 350; *Matter of Leisner v Bahou,* 97 AD2d 860, *appeal dismissed* 61 NY2d 985, *cert denied* 469 US 1087).

Similarly, the plaintiffs' claims for money damages and attorney's fees made pursuant to 42 USC §§ 1983, 1988 must be dismissed since the defendant Perales is named in his official capacity and is not claimed to have been personally

involved in the alleged violations of the plaintiffs' civil rights. The State is therefore the real party in interest and 42 USC § 1983 does not authorize such a claim against the State *(see, Zagarella v State of New York,* 149 AD2d 503; *Matter of Thomas v New York Temporary State Commn. on Regulation of Lobbying,* 83 AD2d 723, *affd* 56 NY2d 656). Lawrence, J. P., Rubin, Balletta and Rosenblatt, JJ., concur.