■ ADRIANE A. et al., Appellants, v MARIO M. CUOMO, as Governor of the State of New York, et al., Respondents. [624 NYS2d 7] —Order, Supreme Court, New York County (Edward Lehner, J.), entered November 15, 1993, which denied plaintiffs' motion for class certification and a preliminary injunction and granted defendants' cross-motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.

Plaintiffs claim a violation of Mental Hygiene Law §§ 29.15 and 31.19, alleging that they and others similarly situated are homeless, mentally ill patients at a State psychiatric center who, despite having been deemed clinically ready for discharge, have remained hospitalized while awaiting adequate and appropriate residential placements. The relevant portions of section 29.15 (g) and (h) require the discharge of patients at psychiatric centers to be in accordance with a written service plan that includes "a specific recommendation of the type of residence in which the patient is to live", and directors of facilities "to prepare, to cause to be implemented, and to monitor a comprehensive program designed * * * to determine whether the residence in which such * * * patient is living, is adequate and appropriate for the needs of such patient * * * [and] to verify that such patient * * * is receiving the services specified in such patient's * * * written service plan." Section 31.19 (a) imposes a duty on State mental health professionals to ensure that mentally ill patients are not "inadequately, unskillfully, cruelly, or unsafely cared for or supervised by any person". In view of the statement in *Heard v Cuomo* (80 NY2d 684, 687, 691), an action involving mentally ill, homeless patients claiming to have been improperly discharged from psychiatric hospitals operated by a City agency, that such City agency is not statutorily obligated "to build, create, supply or fund" housing, we cannot interpret the above statutory provisions, read separately or together, as imposing any duty on the State to discharge patients to appropriate residences, within any fixed time after they have been determined to be clinically ready for discharge. The statute, in brief, contains no such time provision. And even if it were so interpreted, the complaint would still have to be dismissed for failure to allege that plaintiffs have

been retained for an excessive period of time. We have considered plaintiffs' other arguments and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Ross, Asch and Williams, JJ.