■ NOEMI VELAZQUEZ et al., Respondents, v STATE OF NEW YORK et al., Appellants. [640 NYS2d 510] —Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J.), entered March 8, 1995, which, *inter alia*, granted in part plaintiffs' cross motion for summary judgment by declaring unconstitutional, as violative of the Supremacy Clause (US Const, art VI, cl [2]), mandatory minimum child support orders of $25 per month entered pursuant to Family Court Act § 413 (1) (g) against non-custodial parents whose incomes are at or below the Federal poverty level; granted plaintiffs' motion for class certification; permanently enjoined defendants from enforcing child support orders issued against class members prior to January 1, 1994; ordered (in the sixth decretal paragraph) defendant State Commissioner of the Department of Social Services ("DSS") to locate all child support files of class members who had been ordered to pay the presumptive $25 minimum monthly child support without having been advised that they could rebut entry of such order by showing an inability to pay; ordered (in the seventh decretal paragraph) DSS to send all class members a notice (in English, Spanish and Chinese) vacating said orders, giving the reason, and advising that they could request a refund of child support paid pursuant thereto; ordered that any refunds be made from the public treasury rather than recouped from any child who

may have been the beneficiary of such payments; and ordered (in the ninth decretal paragraph) that DSS direct local social services departments to include such notices in the papers used for commencing child support proceedings, unanimously modified, on the law, to the extent of striking the sixth, seventh and ninth decretal paragraphs, and otherwise affirmed, without costs.

The IAS Court properly determined that *Matter of Rose v Moody* (83 NY2d 65, *cert denied sub nom. Attorney Gen. of N. Y. v Moody*, 511 US 1084) should be applied retroactively under either the criteria set forth in *Gurnee v Aetna Life & Cas. Co.* (55 NY2d 184, 192, *cert denied* 459 US 837 [relying upon *Chevron Oil Co. v Huson*, 404 US 97, 106-107]) or those more recently enunciated in *Harper v Virginia Dept. of Taxation* (509 US 86, 94-100 [abandoning the *Chevron Oil* retroactivity analysis]). Retroactive monetary relief pursuant to 42 USC § 1983 (*see, Deutsch v Crosson*, 171 AD2d 837, *lv denied* 78 NY2d 857) was appropriate because it was incidental to the declaratory and injunctive relief sought (*see, Shields v Katz*, 143 AD2d 743, 745; *cf., Murphy v Capone*, 191 AD2d 683, 684-685; *Casillas v Perales*, 154 AD2d 420; *Antonsen v Ward*, 943 F2d 198, 203-204).

The IAS Court properly exercised its discretion in allowing the action to proceed as a class action and certifying a class, since the members of the class are indigent and may become confused and face serious difficulties in asserting their rights individually (*see, Tindell v Koch*, 164 AD2d 689). However, in fashioning a remedy which required defendants to conduct computer searches and then promulgate notices with specified contents, including foreign language translations, the court improperly imposed requirements beyond those mandated by *Matter of Rose v Moody* (*supra*), and which are not otherwise required (*see, Toure v United States*, 24 F3d 444; *Soberal-Perez v Heckler*, 717 F2d 36, *cert denied* 466 US 929). Moreover, under the circumstances herein, the tailoring of the relief should have been left to the administrative expertise of defendants (*see, Koskinas v Carrillo*, 214 AD2d 512, 514), and we have modified accordingly. Concur—Wallach, J. P., Nardelli, Williams and Mazzarelli, JJ.