■ TIMOTHY PANTEL et al., Respondents, v WORKMEN'S CIRCLE/ARBETTER RING BRANCH 281, Appellant, et al., Defendant. [735 NYS2d 228] —Mugglin, J. Appeal from an order of the Supreme Court (Kane, J.), entered July 21, 2000 in Sullivan County, which, *inter alia*, denied a cross motion by defendant Workmen's Circle/Arbetter Ring Branch 281 for summary judgment dismissing the complaint against it.

Between 1974 and 1992, plaintiffs interred five family members in the family burial plot in a cemetery owned and operated by defendant Workmen's Circle/Arbetter Ring Branch 281 (hereinafter defendant) in the Town of Thompson, Sullivan County. Plaintiffs also erected a family monument, placed foot stones on each grave and erected a granite bench on, or in the vicinity of, the family plot. In December 1998, defendant informed plaintiffs that the positioning of the foot stones was not in accordance with its rules and regulations and that the granite bench would have to be removed in accordance with those regulations. When plaintiffs failed to make the changes requested, defendant undertook the work. Plaintiffs commenced this action seeking to permanently enjoin defendant from taking any action at the family burial plot. Plaintiffs also sought a preliminary injunction and served an order to show cause containing a temporary restraining order prohibiting defendant from taking any further action with respect to plaintiffs' burial plot. Defendant interposed an answer and cross-moved for dismissal of the complaint, a declaration of the rights of the parties, and an order requiring plaintiffs to remove the granite bench and authorizing defendant to move plaintiffs' foot stones to a location consistent with the cemetery regulations.

To the extent relevant to this appeal, Supreme Court denied defendant's cross motion seeking dismissal of the complaint, stayed further prosecution of the action pending exhaustion of contractual remedies, and continued the temporary restraining order until the matter is finally resolved. Defendant appeals, claiming that since plaintiffs failed to exhaust their contractual remedies, their complaint should have been dismissed, plaintiffs failed to prove entitlement to a preliminary injunction and defendant's cross motion for summary judgment should have been granted.

We first note that the parties do not challenge that portion of Supreme Court's decision which determined that plaintiffs had failed to exhaust their contractual remedies as set forth in defendant's constitution, rules and bylaws. Rather, defendant contends that, having found this to be true, Supreme Court erred in failing to dismiss the complaint. Generally, the doctrine of exhaustion of administrative remedies requires " 'litigants to address their complaints initially to administrative tribunals, rather than to the courts and * * * to exhaust all possibilities of obtaining relief through administrative channels before appealing to the courts' " (*Young Men's Christian Assn. v Rochester Pure Waters Dist.*, 37 NY2d 371, 375, quoting 2 Cooper, State Administrative Law, at 561; *see, Matter of Cortlandt Nursing Home v Axelrod*, 66 NY2d 169, *cert denied* 476 US 1115). This rule is equally applicable to contractual provisions which provide for dispute resolution procedures as a condition precedent to any action or proceeding in the courts (*see, Westinghouse Elec. Corp. v New York City Tr. Auth.*, 82 NY2d 47, 53-54). A well-recognized exception, however, is that the procedural precursors to judicial intervention need not be exhausted where irreparable injury would occur if pursued (*see, Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57; *Matter of Hakeem v Wong*, 223 AD2d 765, *lv denied* 88 NY2d 802). Dismissal of the action would lift the temporary restraining order and permit defendant to move the foot stones and remove the bench during the contractual proceedings. The rules and regulations of the cemetery do not prohibit this and defendant has not indicated a willingness to voluntarily refrain from such action while plaintiffs pursue those contractual remedies. Plaintiffs' allegation of mental and emotional distress from the perceived desecration of their family graves demonstrates irreparable injury sufficient to justify Supreme Court's refusal to dismiss their action, despite the failure to exhaust available contractual remedies.

We next consider Supreme Court's continuation of the temporary restraining order. To obtain this relief, plaintiffs must satisfactorily establish a likelihood of success on the merits, irreparable injury and a balancing of the equities in their favor (*see,* CPLR 6301; *Grant Co. v Srogi,* 52 NY2d 496, 517). Having determined, for the reasons hereinabove expressed, that plaintiffs have demonstrated the existence of irreparable injury, our inquiry focuses on the remaining elements.

We are satisfied that the record, as a whole, demonstrates plaintiffs' likelihood of success and that the equities lie in their

favor. Plaintiffs' allegation, not disputed by defendant, is that between the years 1974 and 1992, the foot stones and bench were installed at or about the family burial plot with the approval and under the supervision of defendant. On the other hand, defendant's argument is premised on rules and regulations which may not have been uniformly enforced at all times. Therefore, a question exists as to whether they would impact plaintiffs' structures so as to require their removal or movement. Moreover, given the circumstances herein, the sensitive nature of the subject matter and the lack of any apparent prejudice to defendant, the equities balance in plaintiffs' favor. As a final matter, we note that continuation of the temporary restraining order achieves the salutary purpose of maintaining the status quo during the pendency of this litigation. Thus, we find no error in its continuation.

With respect to the denial of defendant's cross motion for summary judgment, we find no merit to the various contentions raised by defendant. As hereinbefore indicated, questions of fact exist with respect to the enforcement of the rules and regulations at the time plaintiffs installed the foot stones and bench. Further, defendant's proof does not satisfactorily establish that plaintiffs' foot stones or bench infringe upon any adjacent burial plots or that the use of such burial plots are immediately necessary for cemetery purposes. On this record, questions of fact preclude a judicial declaration that defendant is entitled to enforce its rules and regulations against plaintiff.

Mercure, J. P., Crew III, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.