■ JOHN EHRENKRANZ et al., Respondents, v 58 MHR, LLC, et al., Appellants. [6 NYS3d 649]—

In an action, inter alia, to recover damages for conversion, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), dated September 6, 2012, as, in effect, granted that branch of the plaintiffs' motion which was for an order of attachment to the extent of preliminarily enjoining, restraining, and preventing them from assigning, disposing of, selling, encumbering, mortgaging, removing, or otherwise interfering with certain real property, and denied those branches of their cross motion which were pursuant to CPLR 3211 (a) (7) to dismiss the first, third, and fourth causes of action.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On a motion pursuant to CPLR 3211 (a) (7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Vermont Mut. Ins. Co. v McCabe & Mack, LLP*, 105 AD3d 837, 839 [2013]; *Sokol v Leader*, 74 AD3d 1180, 1180-1181 [2010]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus" (*Vermont Mut. Ins. Co. v McCabe & Mack, LLP*, 105 AD3d at 839 [internal quotation marks omitted]). Applying this standard to the allegations set forth in the third and fourth causes of action, the third cause of action adequately alleged facts sufficient to state a cause of action to set aside conveyances as fraudulent and

violative of the Debtor and Creditor Law, and the fourth cause of action adequately alleged facts sufficient to state a cause of action that the defendants aided and abetted in making the alleged fraudulent conveyances (see *DiMauro v United, LLC*, 122 AD3d 568 [2014]). Accordingly, the Supreme Court properly denied that branch of the defendants' cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third and fourth causes of action.

However, the Supreme Court should have granted that branch of the defendants' cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action, which was to recover damages for conversion of money, since the plaintiffs do not allege "legal ownership or an immediate right of possession to specifically identifiable funds and that the defendant[s] exercised an unauthorized dominion over such funds to the exclusion of the [plaintiffs'] rights" (*Whitman Realty Group, Inc. v Galano*, 41 AD3d 590, 592 [2007]; see *Daub v Future Tech Enter., Inc.*, 65 AD3d 1004, 1006 [2009]).

Contrary to the defendants' contention, the Supreme Court properly granted preliminary injunctive relief in this action because the plaintiffs sufficiently established a likelihood of success on the merits on the third and fourth causes of action, irreparable injury in the absence of injunctive relief, and a balancing of the equities in their favor (see CPLR 6301; *Mehulic v New York Downtown Hosp.*, 113 AD3d 567 [2014]; *Pantel v Workmen's Circle/Arbetter Ring Branch 281*, 289 AD2d 917, 918 [2001]). Mastro, J.P., Austin, Cohen and Barros, JJ., concur.