In the Matter of DANIEL CAMERON, M.D., Appellant, v NIRAV SHAH, in His Official Capacity as Commissioner of New York State Department of Health, et al., Respondents, et al., Respondent. [31 NYS3d 867]—

Judgment, Supreme Court, New York County (Doris Ling-Cohan, J.), entered April 24, 2015, denying the petition, inter alia, to prohibit respondents from filing disciplinary charges against petitioner in connection with his treatment of Lyme disease in five enumerated cases, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Petitioner failed to exhaust his administrative remedies, and failed to establish the applicability of any exception to the exhaustion requirement (*see* CPLR 7801 [1]; *Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]). His contention that he will suffer irreparable injury in the absence of judicial intervention does not justify exempting him from the exhaustion requirement, since "[t]here is no legally cognizable injury to be suffered solely from being subjected to the disciplinary hearing[s] with the possibility of a subsequent finding of professional misconduct" (*Galin v Chassin*, 217 AD2d 446, 447 [1st Dept 1995]). Petitioner also failed to establish that his challenge to the agency action as "wholly beyond its grant of power" has any "substance" (*Matter of People Care Inc. v City of N.Y. Human Resources Admin.*, 89 AD3d 515, 516 [1st Dept 2011] [internal quotation marks omitted]). Concur—Tom, J.P., Sweeny, Moskowitz, Richter and Gesmer, JJ.