Matter of Agramonte v Local 461, Dist. Council 37, Am. Fedn. of State County & Mun. Empls. (2022 NY Slip Op 05743)

Matter of Agramonte v Local 461, Dist. Council 37, Am. Fedn. of State County & Mun. Empls.

2022 NY Slip Op 05743

Decided on October 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 13, 2022

Before: Kapnick, J.P., Webber, Oing, González, JJ. 

Index No. 151950/21 Appeal No. 16403 Case No. 2022-02573 

[*1]In the Matter of Edwin Agramonte et al., Petitioners-Appellants,
v
Local 461, District Council 37, American Federation of State County and Municipal Employees, by its President, Jason Velzaquez, Respondent-Respondent.

Advocates for Justice, Chartered Attorneys, New York (Arthur Z. Schwartz of counsel), for appellants.
Cohen, Weiss and Simon LLP, New York (Hanan Kolko of counsel), for respondent.

Order and judgment (one paper) of the Supreme Court, New York County (William Perry, J.), entered on or about February 1, 2022, which, to the extent appealed from, granted the motion of respondent union to dismiss the amended petition seeking to annul an officer election conducted in February 2021 and to direct new elections, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Supreme Court correctly granted the union's motion to dismiss the amended petition. The petition, which interposed claims alleging breach of contract and violation of the common law of elections in New York, failed to plead "that each individual union member authorized or ratified the [allegedly] unlawful actions" (Charter Communications, Inc. v Local Union No. 3, 166 AD3d 468, 469 [1st Dept 2018], citing Martin v Curran, 303 NY 276 [1951]). Moreover, the law is well settled that suits for breaches of agreements or for tortious wrongs against officers of unincorporated associations, including unions, are limited to situations in which "the individual liability of every single member can be alleged and proven" (Martin, 303 NY at 282; see General Associations Law § 13; Palladino v CNY Centro, Inc., 23 NY3d 140, 147-148 [2014]; Catania v Liriano, 203 AD3d 422, 423 [1st Dept 2022], appeal dismissed 38 NY3d 1049 [2022]).
We have considered petitioners' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2022