Matter of Noe v Local 983 (2023 NY Slip Op 00733)

Matter of Noe v Local 983

2023 NY Slip Op 00733

Decided on February 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 09, 2023

Before: Webber, J.P., Oing, González, Scarpulla, Rodriguez, JJ. 

Index No. 154208/22 Appeal No. 17304 Case No. 2022-02598 

[*1]In the Matter of Jolifier Noe et al., Petitioners-Respondents,
v
Local 983 et al., Respondents-Appellants.

Cohen, Weiss and Simon LLP, New York (Hanan B. Kolko of counsel), for appellants.
Advocates for Justice, Chartered Attorneys, New York (Arthur Z. Schwartz of counsel), for respondents.

Amended order, Supreme Court, New York County (Lyle E. Frank, J.), entered June 17, 2022, which granted petitioners' petition to enjoin respondents from holding the duly scheduled election for respondent Local 983, Motor Vehicle Operators Union, American Federation of State, County and Municipal Employees and directed respondents to provide a plan, to be reviewed by petitioners, for a future election within 30 days, unanimously reversed, on the law, without costs. and the petition dismissed.
Supreme Court improvidently exercised its discretion to enjoin respondents from proceeding with their scheduled election. The petition alleged that respondents failed to conduct the election in accordance with the constitutions of Local 983 and the American Federation of State, County and Municipal Employees (AFSCME), and in accordance with AFSCME's election manual. However, as Local 983 is an unincorporated association, the petition fails because it does not plead "'that each individual union member authorized or ratified the [allegedly] unlawful actions'" (Matter of Agramonte v Local 461, Dist. Council 37, Am. Fedn. of State County & Mun. Empls., 209 AD3d 478, 478-479 [1st Dept 2022], quoting Charter Communications, Inc. v Local Union No. 3, 166 AD3d 468, 469 [1st Dept 2018]; see also General Associations Law § 13). We decline to disregard this requirement, which was first articulated in Martin v Curran (303 NY 276, 282 [1951]).
In any event, even had the Martin requirementnot applied, petitioners failed to exhaust their contractual remedies before bringing this action (see Matter of People Care Inc. v City of N.Y. Human Resources Admin., 89 AD3d 515, 516 [1st Dept 2011]). AFSCME's constitution prohibits members from instituting a civil action without first availing themselves of the remedies in its constitution, which provides a procedure to challenge the conduct of an election so that a protesting party has an opportunity to be heard. Furthermore, according to the provisions of AFSCME's constitution, petitioners may appeal an adverse determination to a judicial panel, then to a full judicial panel, and then again to an international convention. The constitution also gives the union the authority to set aside an election outcome and hold a new election upon a finding of a violation. Petitioners have not advanced a sufficient reason to excuse them from
exhausting that remedial process (see Clayton v International Union, United Auto., Aerospace, and Agric. Implement Workers of Am., 451 US 679, 689 [1981]).
We have considered petitioners' remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2023