In the Matter of GEORGE W. MARSHALL, Respondent, *v.* OSCAR T. QUINONES et al., Constituting the Zoning Board of Appeals for the City of Lockport, New York, Appellants. NICHOLAS REVELAS et al., Respondents.

Fourth Department, February 22, 1974.

*Fogle, Andrews, Pusateri, Brandt, Shoemaker & Higgins* (*Anthony L. Pusateri* of counsel), for appellants.

*John Gannon* for Nicholas Revelas and another, respondents.

*Peter P. Corrallo, Corporation Counsel,* for George W. Marshall, respondent.

DEL VECCHIO, J. This is an article 78 proceeding to review a decision of the City of Lockport Zoning Board of Appeals which granted a variance permitting an insurance office on the first floor of an apartment building. Before service of an answer appellants moved to dismiss the petition on three grounds: (1) the petition fails to show facts sufficient to establish petitioner's standing to maintain the proceeding, (2) there has been a fatal failure to join the owner as a party, which requires dismissal, (3) the Common Council acted without authority in directing the Corporation Counsel to represent petitioner.

The case is before us by leave to appeal granted by a Justice of this court from an order of Special Term which denied the motion to dismiss without opinion.

There are two bases for the conclusion, implicit in Special Term's denial of the motion to dismiss the petition, that petitioner has standing to maintain this proceeding. First, the petition alleges that he is an '' elected Alderman '' of the City

of Lockport. As such, he is an officer of the city authorized by subdivision 1 of section 82 of the General City Law to institute an article 78 proceeding to review a decision of the zoning board of appeals (see Charter of the City of Lockport, § 10). As one with a specific statutory grant of standing to challenge the zoning action, petitioner is not required to demonstrate actual injury, hardship or damage occasioned by the zoning decision (*Town of Bedford* v. *Village of Mount Kisco,* 33 N Y 2d 178, 185; *Matter of Bachety* v. *Volz,* 65 Misc 2d 176, affd. 39 A D 2d 842). Second, it is apparent from the certified copy of the resolution of the Common Council of the City of Lockport, submitted in opposition to the motion to dismiss and properly before us (CPLR 3211, subd. [c]), that by that resolution petitioner was designated to bring the proceeding on behalf of the city itself, which is a person or party aggrieved and entitled to institute the proceeding under subdivision 1 of section 82 of the General City Law (*Matter of City of Glen Cove* v. *Buxenbaum,* 17 A D 2d 828).

We also agree with Special Term in declining to dismiss the petition for lack of an indispensable party. It is undisputed that, by the return day of the motion, the owner of the property, who was confined to a nursing home, had been served and made a party to the proceeding although, because of a mistaken belief that he had died, service had not been made on him until more than 30 days had expired after the decision of the Zoning Board. It is also undenied that timely service of the petition had been made on the Zoning Board, and that the attorney who had represented the owner and his nephew as coapplicants for the zoning variance before the Zoning Board was present on behalf of both applicants at the argument of the motion to dismiss. Appellants argue that a defect of parties existed by reason of the failure of service on the owner within the 30-day period, and that the defect could not be cured by service after the time limited for the institution of the proceeding. In the circumstances of this case, we do not believe that Special Term erred in refusing to dismiss the action for lack of an indispensable party. In this proceeding challenging the grant of a zoning variance the owner was "united in interest" with the Zoning Board so that timely service on the board was sufficient to defeat a claim of untimely service on the owner (CPLR 203, subd. [b]). The interests of the Board and of the coapplicants for the variance "are so inseparably intertwined that the presumption is warranted that they will both be desirous of reaching the same result. The interests of the parties in the subject-matter of

the action are such that they stand or fall together and judgment against one will similarly affect the other " (*Prudential Ins. Co. v. Stone,* 270 N. Y. 154, 161; *Zeitler* v. *City of Rochester,* 32 A D 2d 728). Additionally, the owner's agent and coapplicant is in the proceeding, represented by the same counsel that has represented both applicants from the time of the original application. Upon such a record we conclude that the failure to effect service on the owner within the 30-day period is not fatal to the proceeding.

Further, if the owner be regarded as a necessary party, authority for joining such a party after the expiration of the time for commencing the proceeding may be found in *Matter of Fellner* v. *McMurray* (41 A D 2d 853). From the record on appeal in that case it appears that the administrative determination under review in the article 78 proceeding was made on January 14, 1971. The order directing joinder of the necessary party was granted on July 12, 1971—more than four months after the determination and therefore after the time provided for instituting the proceeding (CPLR 217).

Finally, we believe that appellants' attack on the action of the Common Council in authorizing the Corporation Counsel to appear on behalf of petitioner may not properly be urged as a basis for dismissing the petition. This has no bearing on the motion to dismiss the proceeding, which must stand or fall on the propriety of the proceeding and not on that of petitioner's legal representation. If the Common Council's authorization was invalid, it may be challenged in a proceeding against that body to review its action. The collateral attack in this proceeding is ineffective to defeat petitioner's challenge to the Zoning Board's determination.

The order should be affirmed.

MOULE, J. P., CARDAMONE, SIMONS and MAHONEY, JJ., concur

Order unanimously affirmed, with costs.