■ SALOME SHAPIRO, Also Known as SALLY SHAPIRO, Respondent, v HOWARD SHAPIRO, Appellant.—Judgment entered in the Supreme Court, New York County, on December 10, 1974, *inter alia,* directing defendant-appellant to pay the sum of $325 per week for the support of the parties' two infant children, unanimously modified, on the law and the facts, so as to reduce the support payments to the sum of $250 per week and, as so modified, affirmed, without costs or disbursements. Under the circumstances and the evidence in this record, and taking into consideration the needs of the two children and appellant's present earnings and his financial resources, we find the award excessive to the extent indicated. Concur—Kupferman, J. P., Lupiano, Capozzoli, Nunez and Lynch, JJ.

■ In the Matter of ELLIOT S. BLAIR, an Attorney.—Respondent reinstated as an attorney and counselor at law of the State of New York. Concur—Kupferman, J. P., Murphy, Tilzer, Lane and Nunez, JJ.

■ In the Matter of PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK et al., Appellants-Respondents, v HOLLIS S. INGRAHAM, as Commissioner of Health of the State of New York, et al., Respondents-Appellants. In the Matter of BENEDICTINE HOSPITAL et al., Appellants-Respondents, v HOLLIS S. INGRAHAM, as Commissioner of Health of the State of New York, et al., Respondents-Appellants.—Judgment, Supreme Court, New York County, entered June 19, 1974, annulling respondent's determination to the extent of directing recalculation of the 1973 rates, affirmed, without costs or disbursements. Special Term remanded for recalculation only to the extent that the percentage increase allowed for projected future costs relied on the 6% limit imposed by the Economic Stabilization Act of 1970, without amplifying whether that limitation in the rate schedule was "reasonably related to the costs of efficient production" (Public Health Law, § 2807, subd 3). The dissent would further remand the calculation of the "community service factor" as well. We have dealt with this issue in greater detail in the companion appeal of *Matter of Presbyterian Hosp. of City of N. Y. v Ingraham* 48 AD2d 491). Suffice it to say here that the allowance of reimbursement for the community service factor is discretionary (Public Health Law, § 2807; 10 NYCRR 86.2[d]), since in essence it is a subsidy to the hospital for losses which as a result are not generated by Associated Hospital Service subscribers. The community service factor portion of the formula has in fact achieved the purpose intended; namely, partial reimbursement to the hospital for cash losses expended in the providing of free outpatient services. The imposition of that formula cannot therefore be deemed an arbitrary and capricious act and recalculation of the formula is unnecessary. Concur—Stevens, P. J., Lane and Nunez, JJ.; Murphy and Yesawich, JJ., dissent in the following memorandum by Yesawich, J.: For the reasons expressed in my dissent in *Matter of Presbyterian Hosp. of City of N. Y. v Ingraham* (48 AD2d 491) issued simultaneously herewith, the order appealed from should be modified on the law to the extent only of determining that the commissioner's computation of the community service factor in the 1973 reimbursement formula was arbitrary and unreasonable. [78 Misc 2d 152.]