◼ In the Matter of CATHOLIC MEDICAL CENTER OF BROOKLYN AND QUEENS, INC., Respondent, v DEPARTMENT OF HEALTH OF THE STATE OF NEW YORK et al., Appellants.—In a proceeding pursuant to CPLR article 78 *inter alia* to compel an increase in petitioner's 1972 rate of reimbursement for services rendered to Medicaid patients, the appeal is from a judgment of the Supreme Court, Queens County, dated January 23, 1976, which, *inter alia,* vacated and set aside the rates fixed by appellants for the year 1972 and directed them to recompute the rates in accordance with section 2807 of the Public Health Law. Judgment reversed, without costs or disbursements, and proceeding remitted to Special Term for a hearing and new determination, in accordance herewith. We direct that the State Director of the Budget be joined in this proceeding (see Public Health Law, § 2807, subds 2, 3; CPLR 1001, subd [b]; 1003; *Matter of Marshall v Quinones,* 43 AD2d 436). Special Term is to determine whether the rate schedules fixed by the Commissioner of the Department of Health of the State of New York were based solely upon the ceiling set forth in the Federal Economic Stabilization Program (ESP) regulations applicable to hospitals (6 CFR 300.18), rather than the standards set forth in subdivision 3 of section 2807 of the Public Health Law and 10 NYCRR Part 86, or whether the said ESP regulations were considered by the commissioner merely as one of the factors in projecting economic conditions. The parties agree that the commissioner would not be warranted in deeming the ESP rates of increase as an absolute ceiling and that the standards set forth in subdivision 3 of section 2807 of the Public Health Law and applicable regulations (10 NYCRR Part 86) control (see *Matter of Presbyterian Hosp. in City of N. Y. v Ingraham,* 78 Misc 2d 152, affd 49 AD2d 520, affd 39 NY2d 867 [where the issue now before us was litigated through the Appellate Division, First Department, but was no longer involved when the case was decided in the Court of Appeals]). The commissioner has asserted, in conclusory terms, that in fixing the increases (which were the same as those set forth in the ESP rates), the ESP regulations were merely one of the factors considered relating to reduced expenses of operation. No facts were set forth in support thereof. A hearing is necessary to determine whether that was indeed the case. Insofar as *Matter of St. Lukes Hosp. Center v Ingraham* (52 AD2d 181) seems to

indicate the contrary, we refuse to follow it. Gulotta, P. J., Hopkins, Latham, Shapiro and Hawkins, JJ., concur. [85 Misc 2d 14.]