■ IRVING B. KENDALL, Appellant, v HERBERT B. EVANS, as Administrative Judge and Chief Administrator of the Courts of the State of New York, and as Representative of the Administrative Board of the Judicial Conference of the State of New York, et al., Respondents. — In an action, *inter alia,* for a declaratory judgment that plaintiff is entitled to receive the same compensation received by Judges of the City Courts of Yonkers and White Plains, plaintiff appeals from an order of the Supreme Court, Westchester County (Rubenfeld, J.), entered April 13, 1983, which granted defendants' motions to dismiss the complaint on the grounds that the action insofar as it sought a declaratory judgment was moot with respect to plaintiff and the court lacked subject matter jurisdiction to grant plaintiff a money judgment. ¶ Order reversed, on the law, with costs, motions denied, and complaint reinstated. Respondents' time to answer is extended until 20 days after service upon them of a copy of the order to be made hereon, with notice of entry. ¶ Plaintiff, a City Court Judge in the City of Mount Vernon, sought a judgment declaring section 39 of the Judiciary Law (formerly § 220) unconstitutional insofar as it promulgated unfavorable salary differentials between a City Court Judge in the City of Mount Vernon and the Judges of the City Courts of White Plains and Yonkers. Said salary differentials became subject to an equal protection challenge when the State enacted the Unified Court Budget Act, which, to implement the State's takeover of the courts, provided that judicial personnel were henceforth State employees and that accordingly they would be placed on the State payroll on April 1, 1977 (Judiciary Law, § 39, subd 6 [L 1976, ch 966, § 2]; see *Weissman v Evans,* 56 NY2d 458). As a supplementary item of relief, plaintiff sought a retroactive monetary award, commencing with April 1, 1977, for the allegedly unconstitutional salary differentials. Plaintiff retired after commencing the action. ¶ Special Term, upon motions by the defendants, dismissed the action, finding the issue of prospective relief was academic once plaintiff retired, and the issue of retroactive relief was properly one for the Court of Claims. We disagree. Plaintiff's claim for retroactive relief was ancillary to, and dependent upon, a favorable judgment on the issue of the

statute's constitutionality. "Claims against the State primarily seeking money damages should, of course, be brought in the Court of Claims (*Schaffer v Evans,* 57 NY2d 992). It is settled, however, that a declaratory judgment action in the Supreme Court is an appropriate vehicle for challenging the constitutionality of a statute * * * In addition, the State is a proper party to such an action because of its obvious interest in and right to be heard on matters concerning the constitutionality of its statutes" (*Cass v State of New York,* 58 NY2d 460, 463, mot for rearg den 60 NY2d 586). In such actions ancillary relief in the form of a money judgment may be granted (see *Weissman v Evans, supra*). ¶ We find defendants' argument that plaintiff's relief is not dependent upon a favorable declaratory judgment unpersuasive, and their reliance on *Ball v State of New York* (41 NY2d 617) misplaced. There the plaintiff's claim for money damages against the State depended upon the construction of a statute, not, as here, a declaration of its invalidity. ¶ Accordingly, Special Term should have denied the motions. Mangano, J. P., O'Connor, Weinstein and Lawrence, JJ., concur.