■ In the Matter of VIRGINIA GRECO et al., Appellants, v ROBERT TRINCELLITO, as Building Inspector of the Town of Saugerties, Respondent.—Casey, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered December 9, 1991 in Ulster County, which, in a proceeding pursuant to CPLR article 78, granted a cross motion by Roadway Express, Inc. to dismiss the petition as time barred.

In a prior proceeding, Roadway Express, Inc. sought review of the denial of its request for a variance from a building moratorium which the Town of Saugerties in Ulster County had adopted pending the enactment of a zoning ordinance. Roadway's application for a building permit had been submitted more than two weeks before the effective date of the moratorium. Based upon the Town's failure to act on Roadway's application before the moratorium went into effect and the absence of any legitimate reason for the Town's refusal to grant Roadway's requests for a variance from the moratorium, Supreme Court held that the actions of the Town and respondent were arbitrary and capricious. Respondent was directed to issue both a variance from the moratorium and a building permit. The Town's appeal from the judgment entered in the prior proceeding was dismissed on July 3, 1990.

Respondent issued a building permit to Roadway on August 16, 1990. In the meantime, the Town had adopted a zoning ordinance, effective November 13, 1989, which provided, *inter alia,* that a building permit would expire if construction had not been commenced within 90 days of the issuance of the permit. An amended building permit was issued in October 1990 to reflect an expiration date of February 1991. Although Roadway engaged in certain planning activities, no construction was commenced during the winter months. Concerned about the effect of the 90-day restriction in the zoning ordinance, Roadway applied to respondent in April 1991 for reissuance of the building permit. The application was granted and respondent issued another building permit to Roadway on April 22, 1991.

Petitioners, who are the owners of property adjacent to the Roadway site, commenced this proceeding to annul respondent's determination by service of the notice of petition and petition on respondent on August 20, 1991. By order to show cause dated August 23, 1991, petitioners moved for an order temporarily vacating the building permit pending a final determination of the proceeding. The order to show cause and the papers upon which it was granted were apparently served on Roadway, and Roadway's affidavit in opposition to petitioners' motion included a request that the underlying proceeding be dismissed as untimely. Supreme Court held that the proceeding was untimely and, in the alternative, that respondent did not act unlawfully or arbitrarily in issuing the building permit. The proceeding was dismissed, resulting in this appeal by petitioners.

It is undisputed that the proceeding was timely commenced as to respondent. Roadway, however, was apparently never made a party to the proceeding by service of a notice of petition and petition, and the time to commence a CPLR article 78 proceeding against Roadway has expired. Nevertheless, the appropriate remedy for this defect is not dismissal, but joinder of Roadway (see, Matter of Marshall v Quinones, 43 AD2d 436, 438-439).

We are also of the view that Supreme Court erred in dismissing the proceeding on the merits. The petition alleges that the building permit issued on April 22, 1991 violated the requirements of the zoning ordinance in that Roadway failed to submit the necessary plans and specifications and the property, which Roadway proposes to use for commercial purposes, is located in a residential zone. Because of petitioners' motion for temporary relief pending a final determination of the proceeding and Supreme Court's decision to dismiss the petition, no answer has been served and respondent has not raised any objections in point of law (see, CPLR 7804 [f]). Given the procedural posture of this case, and because the petition is sufficient on its face to state a valid cause of action, dismissal on the merits was inappropriate (see, Matter of Iannelli v Leventhal, 79 AD2d 562). The judgment dismissing the petition must be reversed and the matter remitted to Supreme Court for the purpose of joining Roadway as a party respondent, determining the merits of petitioners' motion for temporary relief and permitting respondent and Roadway to answer, so that the matter can proceed to a final resolution in accordance with the procedure established by CPLR article 78.

Weiss, P. J., Yesawich Jr., Mercure and Crew III, JJ.,

concur. Ordered that the judgment is reversed, on the law, without costs, cross motion denied and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.