■ In the Matter of LIVINGSTON BAKER et al., Respondents, v TOWN OF ROXBURY et al., Appellants, et al., Respondent. [632 NYS2d 854] —Crew III, J. Appeals (1) from an order of the

Supreme Court (Mugglin, J.), entered February 16, 1994 in Delaware County, which, in a proceeding pursuant to CPLR article 78, *inter alia*, denied respondents' motion to dismiss the petition for failure to join a necessary party, and (2) from a judgment of said court, entered April 13, 1994 in Delaware County, which granted petitioners' application to, *inter alia*, annul a negative declaration issued with respect to respondent David R. Hadden's application for a junkyard license.

Petitioners are the owners of a stone house, allegedly of some historical significance, located in the Town of Roxbury, Delaware County, and respondent David R. Hadden is the owner of certain property located directly across the highway from petitioners' house. In July 1992, Hadden applied to respondent Town of Roxbury for a license to operate an automobile junkyard on his property. Petitioners opposed the application contending, *inter alia*, that both Hadden and the Town failed to comply with the requirements of the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA). By determination dated June 14, 1993, the Town issued a negative declaration and approved the issuance of the subject license to Hadden.

Thereafter, on October 14, 1993, petitioners commenced the instant proceeding against the Town and the individual members of the Town Board (hereinafter collectively referred to as the Town) seeking to annul the negative declaration and set aside the issuance of the junkyard license. The Town then moved to dismiss the petition pursuant to CPLR 3211 (a) (10) for failure to join Hadden as a necessary party. By order entered February 16, 1994, Supreme Court denied the motion and ordered petitioners to join Hadden as a respondent.

In the interim, petitioners added Hadden as a respondent and served an amended petition on December 29, 1993. The Town subsequently moved to reargue the motion to dismiss, contending the Supreme Court erred in ordering joinder of Hadden following expiration of the four-month Statute of Limitations.* Supreme Court denied the motion and both the Town and Hadden answered the amended petition, raising the Statute of Limitations as an affirmative defense. Supreme Court thereafter granted the petition, finding that the Town had failed to comply with the applicable SEQRA requirements. These appeals by the Town followed.

Initially, we note that the appeal from Supreme Court's Feb-

---

* It appears that Hadden joined in this motion, arguing that dismissal was appropriate based upon either nonjoinder of a necessary party or Statute of Limitations grounds.

ruary 16, 1994 order must be dismissed because "no appeal lies as of right from an intermediate order in a CPLR article 78 proceeding" (*Matter of Briar Hill Lanes v Town of Ossining Zoning Bd. of Appeals*, 142 AD2d 578, 579; *see*, CPLR 5701 [b] [1]). This procedural point need not detain us, however, as the appeal from the final judgment brings up for review the propriety of Supreme Court's intermediate order (*see*, CPLR 5501 [a]).

Turning to the substance of the appeal, we agree with the Town that Hadden indeed is a necessary party to this proceeding. CPLR 1001 (a) provides, in relevant part, that a person is deemed to be a necessary party "if complete relief is to be accorded between the persons who are parties to the action or [those] who might be inequitably affected by a judgment" (*see*, *Matter of Dawn Joy Fashions v Commissioner of Labor of State of N. Y.*, 181 AD2d 968, 969; *Matter of Mount Pleasant Cottage School Union Free School Dist. v Sobol*, 163 AD2d 715, 716, *affd* 78 NY2d 935). As the owner of the subject property and the holder of the junkyard license, Hadden plainly would be adversely affected by annulment of the negative declaration or rescission of the license and, as such, falls squarely within the definition of a necessary party as set out in CPLR 1001 (a).

To the extent that petitioners contend that joinder, not dismissal, is the appropriate remedy here, we disagree. As the Statute of Limitations expired prior to the time Hadden was joined, petitioners needed to demonstrate that Hadden and the Town were "united in interest" (Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 7802:3, at 294). The united in interest test has three separate components: (1) both claims must arise out of the same conduct, transaction or occurrence, (2) the party to be joined must be united in interest with the original named defendant and, by reason of that relationship, can be charged with notice of the commencement of the action such that the party to be joined will not be prejudiced in maintaining his or her defense due to the delay, and (3) the party to be joined knew, or should have known, that but for an excusable mistake by the plaintiff, the action would have been brought against him or her as well (*see*, *Mondello v New York Blood Ctr.*, 80 NY2d 219, 226; *Brock v Bua*, 83 AD2d 61, 69).

Even assuming that Hadden and the Town are indeed united in interest (*see*, *Matter of Marshall v Quinones*, 43 AD2d 436, 438)—a proposition we deem questionable at best—petitioners fail to offer any excuse for failing to name Hadden as a respon-

dent in the first instance. The original petition filed in this matter reflects that petitioners were aware from the beginning that Hadden was the owner of the parcel in question; thus, this simply is not an instance where the identity of a respondent or a defendant was in doubt or there was some question regarding that party's status (*see, Brock v Bua, supra,* at 69-71; *compare, Matter of Marshall v Quinones, supra,* at 438). Accordingly, we have no quarrel with Supreme Court's decision to dismiss the petition. In light of this conclusion, we need not address the propriety of the Town's determination to grant Hadden the requested license.

Mikoll, J. P., White, Casey and Yesawich Jr., JJ., concur. Ordered that the appeal from order is dismissed, without costs. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.

