■ In the Matter of the Town of Preble, Appellant, v Michael D. Zagata, as Commissioner of the New York Department of Environmental Conservation, et al., Respondents. [672 NYS2d 510] —Spain, J. Appeal from a judgment of the Supreme Court (Relihan, Jr., J.), entered March 18, 1997 in Cortland County, which, in a proceeding pursuant to CPLR article 78, granted a motion by respondent Preble Aggregate, Inc. to intervene in the proceeding and dismissed the petition.

On July 19, 1996, respondent Commissioner of Environmental Conservation granted respondent Preble Aggregate, Inc. (hereinafter Aggregate) a mining permit for land located within the borders of the Town of Preble, Cortland County. The Commissioner's determination was made following an adjudicatory hearing in which both petitioner and Aggregate participated. Petitioner opposed the permit on the ground that the proposed mining activity would result in the loss of prime agricultural land. On November 14, 1996, petitioner commenced this proceeding against the Commissioner seeking to annul the permit; however, Aggregate was not made a party to the proceeding.

On January 3, 1997, Aggregate appeared and moved to dismiss the petition for failure to join a necessary party or, alternatively, for permission to intervene. Aggregate argued that it was a necessary party as it would be inequitably affected if the petition were granted and its mining permit annulled. The Commissioner did not join in Aggregate's motion to dismiss, but indicated his consent for intervention. Supreme Court thereafter granted Aggregate's motion to intervene and

then dismissed the petition, finding that Aggregate was a necessary party and, pursuant to CPLR 1001, should have been joined as a respondent in the proceeding. Supreme Court further determined that, pursuant to CPLR 1003, petitioner's failure to join Aggregate required dismissal of the proceeding without prejudice; the dismissal effectively ended the matter because the four-month Statute of Limitations had expired (*see*, CPLR 217).* Petitioner appeals.

In our view, Supreme Court should have joined Aggregate as a necessary party and addressed the petition on the merits. The significant factor leading to our conclusion that joinder is the appropriate remedy is Aggregate's voluntary participation in this matter. In *Matter of Greco v Trincellito* (188 AD2d 963) this Court held that where a petitioner in a CPLR article 78 proceeding seeking to annul an administrative determination failed to name a necessary party, joinder was the proper remedy because the necessary party filed an affidavit in support of the named respondent's motion to dismiss. Our determination in that case was based upon the fact that the unnamed party had notice of the petition as evidenced by its submission of an affidavit requesting that the proceeding be dismissed as untimely (*id.*, at 964; *see*, *Matter of Marshall v Quinones*, 43 AD2d 436, 438-439).

Here, the record reveals that Aggregate voluntarily participated in the proceeding by filing its motion seeking dismissal or intervention and thereby demonstrated sufficient notice such that joinder was the appropriate remedy. Clearly, the facts herein are easily distinguished from those found in *Matter of Llana v Town of Pittstown* (234 AD2d 881), wherein we held that dismissal rather than joinder was appropriate insofar as "none of these homeowners * * * voluntarily appeared, [and] joining them as parties under these circumstances is not favored by the courts" (*id.*, at 884). Aggregate's reliance on *Matter of Baker v Town of Roxbury* (220 AD2d 961, *lv denied* 87 NY2d 807) is misplaced. There, the unnamed necessary party did not voluntarily participate in the proceeding (*id.*, at 962-963).

Mercure, J. P., White, Peters and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed the petition; matter remitted to the Supreme Court for further proceedings

---

* In addition to dismissing this petition, Supreme Court in the same decision denied a motion for summary judgment in a companion action brought by Aggregate against petitioner. This Court affirmed Supreme Court's decision in *Preble Aggregate v Town of Preble* (247 AD2d 697).

not inconsistent with this Court's decision; and, as so modified, affirmed.

