■ In the Matter of NEW YORK CITY AUDUBON SOCIETY, INC., Appellant, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents. [691 NYS2d 562] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Department of Environmental Conservation dated July 31, 1997, granting a tidal wet-

lands permit without holding a public hearing, the appeal is from a judgment of the Supreme Court, Kings County (G. Aronin, J.), entered March 30, 1998, which, upon an order of the same court dated March 24, 1998, granting the respondents' motion to dismiss the proceeding, denied the petition and dismissed the proceeding. The notice of appeal from the order dated March 24, 1998, is deemed to be a premature notice of appeal from the judgment.

Ordered that the judgment is affirmed, with costs.

The petitioner commenced this proceeding claiming, *inter alia*, that the respondent New York State Department of Environmental Conservation (hereafter the DEC) had issued a tidal wetlands permit in violation of lawful procedure in that it failed to hold a public adjudicatory hearing. The petitioner sought, among other things, the permit be revoked and that such a hearing be held.

Notwithstanding the petitioner's claims to the contrary, the entity to which the permit was issued is a necessary party to this proceeding which seeks, *inter alia*, the revocation of that permit (*see, Matter of Kam Hampton I Realty Corp. v Zagata,* 251 AD2d 665; *see also, Matter of Save Our-Open Space v Planning Bd.,* 256 AD2d 581; *Matter of Llana v Town of Pittstown,* 234 AD2d 881, 883-884; *Matter of Baker v Town of Roxbury,* 220 AD2d 961, 963-964; *see generally,* CPLR 1001 [a]).

Since the applicable Statute of Limitations expired and the permit holder had not sought leave to intervene and had not participated in the proceedings, dismissal of this proceeding was appropriate (*see, Matter of Llana v Town of Pittstown, supra,* at 884; *cf., Matter of Town of Preble v Zagata,* 250 AD2d 912). Furthermore, the "relation-back" doctrine under CPLR 203 (b) is not applicable under the circumstances presented here (*see, Buran v Coupal,* 87 NY2d 173). Santucci, J. P., Joy, Goldstein and Schmidt, JJ., concur.