■ In the Matter of LEONARD W. BRAULT et al., Petitioners, v NEW YORK STATE TAX APPEALS TRIBUNAL et al., Respondents. [696 NYS2d 579] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained the denial of petitioners' applications for a refund of personal income tax.

In July 1994, petitioners filed claims seeking refunds of State personal income taxes paid in the years 1986 through 1988

based upon the inclusion of Federal retirement benefits in their State taxable income. Prior thereto, on April 15, 1989, petitioners filed a "protective" claim seeking a similar refund for the 1985 taxable year. The refund requests were based upon the decision in *Davis v Michigan Dept. of Treasury* (489 US 803) wherein the US Supreme Court held that a State violates the constitutional doctrine of intergovernmental tax immunity when it taxes retirement benefits paid to Federal retirees but exempts from taxation retirement benefits paid by the State. As a result of that decision, Tax Law § 612 (c) (3) was amended to accord equal treatment to pensions received by State and Federal retirees, with the amendment applicable to Federal pension benefits received in taxable years beginning on or after January 1, 1989 (*see*, L 1989, ch 664). Subsequently, in *Harper v Virginia Dept. of Taxation* (509 US 86), the US Supreme Court held that the *Davis* case must be applied retroactively.

Although the Department of Taxation and Finance initially denied petitioners' refund claim for the 1985 taxable year, following the decision in *Harper* it agreed to pay the claim and all refund claims timely filed by Federal retirees for taxable years preceding 1989. The Department, however, denied petitioners' refund claims for taxable years 1986 through 1988 on the ground that they were not timely filed within the three-year Statute of Limitations provided by Tax Law § 687 (a). Upon appeal, respondent Tax Appeals Tribunal upheld the denial and this CPLR article 78 proceeding ensued.

Petitioners primarily contend that the denial of their refund claims based upon the application of Tax Law § 687 (a) deprived them of due process. We disagree. In *Harper v Virginia Dept. of Taxation* (*supra*, at 100, quoting *McKesson Corp. v Division of Alcoholic Beverages & Tobacco,* 496 US 18, 39-40) the US Supreme Court noted, with regard to refunds, that "[u]nder the Due Process Clause * * * 'a State found to have imposed an impermissibly discriminatory tax retains flexibility in responding to this determination' ". Indeed, the Court observed that, absent a predeprivation remedy, due process is satisfied where a State " 'provide[s] meaningful backward-looking relief to rectify any unconstitutional deprivation' " (*id.,* at 101, quoting *McKesson Corp. v Division of Alcoholic Beverages & Tobacco, supra,* at 31). In recognition of the need to balance a State's constitutional obligation to provide relief from an unlawful tax against its interest in stable fiscal planning, the Supreme Court has recognized that a State may, consistent with due process principles, invoke procedural protections such as limiting refunds to taxpayers who pay under protest or

to those who provide some other timely notice of complaint (*see, McKesson Corp. v Division of Alcoholic Beverages & Tobacco, supra,* at 45). Along these lines, the Court has also sanctioned the imposition of relatively short Statutes of Limitation (*see, id.*). Inasmuch as Tax Law § 687 (a) constitutes a permissible procedural protection, its application to petitioners' refund claims did not deprive them of due process in view of the fact that *Davis (supra)* was decided in 1989, giving petitioners the opportunity to file timely "protective" claims for refunds for taxable years 1986 through 1988, as they did for 1985.

Petitioner's argument that the Department was obligated to personally notify all potential refund applicants of their rights and obligations in view of *Davis* is also without merit. There is no persuasive authority for that proposition and, in any event, petitioners were aware of the import of *Davis* as previously indicated given that in 1989 they filed a timely "protective" refund claim for the 1985 taxable year but did not do the same for the other years. Likewise, we do not agree with petitioners' argument that their 1989 filing was sufficient to preserve their rights to refunds for other years inasmuch as the tax form they completed clearly advised that "[a] separate claim must be filed for each tax year". We have considered petitioners' remaining claims and find them unpersuasive.

Crew III, Spain, Graffeo and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.