■ In the Matter of NEVITT N. JENKINS, Petitioner, and DAVID ALBENDA, Appellant, v SCOTT A. STROUGH et al., Respondents. [756 NYS2d 867] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Freeholders and Commonality of the Town of Southampton, New York, dated February 5, 2001, granting a dock permit to the respondent West Mecox Group, the petitioner David Albenda appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.), dated December 11, 2001, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

"A [person] whose interest may be adversely effected by a potential judgment must be made a party in a CPLR article 78 proceeding" (*Karmel v White Plains Common Council,* 284 AD2d 464, 465 [2001]; *see Matter of Artrip v Incorporated Vil. of Piermont,* 267 AD2d 457 [1999]; *see generally Matter of Castaways Motel v Schuyler,* 24 NY2d 120 [1969]). Here, the Supreme Court properly dismissed the proceeding because, had the subject dock permit been annulled, many of the lot owners who had not been made parties to the proceeding may have been adversely effected. Accordingly, they were necessary parties to this proceeding (*see* CPLR 1001 [a]).

In light of our determination, we need not reach the appellant's remaining contention. Santucci, J.P., Smith, H. Miller and Adams, JJ., concur.