■ In the Matter of MARIANNE CHALIAN et al., Appellants, v MICHAEL MALONE et al., Constituting the Zoning Board of Appeals of the Town of Colonie, Respondents. [762 NYS2d 707] — Cardona, P.J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered September 9, 2002 in Albany County, which, in a proceeding pursuant to CPLR article 78, inter alia, granted respondents' motion to dismiss the petition for failure to join a necessary party.

Petitioners are residents of the Town of Colonie, Albany County, who commenced this CPLR article 78 proceeding on June 26, 2002 challenging a May 23, 2002 determination by respondents, members of the Zoning Board of Appeals of the Town of Colonie, who conditionally approved the application of Plaza at Latham, LLC (hereinafter Plaza) to construct a Lowe's Home Improvement Center in the Town. Plaza was not named as a respondent nor served with a petition. In July 2002, respondents moved to dismiss the proceeding on the basis that petitioners failed, within the applicable 30-day statute of limitations (Town Law § 267-c [1]), to join Plaza as a necessary party. Petitioners cross-moved to excuse the nonjoinder or for

leave to add Plaza as an additional party. Alternatively, petitioners requested that Supreme Court consolidate their proceeding with a separate CPLR article 78 proceeding brought by a pro se litigant challenging the subject zoning approval, *Matter of Behuniak v Town of Colonie Zoning Bd. of Appeals*, wherein Plaza was named as a party.* Subsequently, Supreme Court granted respondents' motion for dismissal on the basis of failure to timely join a necessary party. Furthermore, Supreme Court denied petitioner's cross motion and, inter alia, declined the request for consolidation with the separate *Behuniak* proceeding.

On appeal, petitioners do not seriously dispute that Plaza is a necessary party (*see* CPLR 1001 [a]) in this proceeding challenging Plaza's zoning approval (*see Matter of New York City Audubon Socy. v New York State Dept. of Envtl. Conservation*, 262 AD2d 324, 325 [1999]), nor do they assert that the applicable statute of limitations has not run (*see Matter of Save the Woods & Wetlands Assn. v Village of New Paltz Planning Bd.*, 296 AD2d 679, 680 [2002]). Significantly, petitioners specifically named Plaza as the applicant in their petition commencing this proceeding, therefore, they were aware of Plaza's interest and could have timely made it a party. We note that "[j]oining a necessary party under these circumstances is not favored by the courts" (*Matter of Manupella v Troy City Zoning Bd. of Appeals*, 272 AD2d 761, 764 [2000]).

Nevertheless, petitioners maintain that Plaza should be joined because it voluntarily participated in the subject proceeding by submitting, in the *Behuniak* proceeding, a response to the intervention motion by certain of the subject petitioners, which included a proposed answer and counsel's affidavit to be utilized in the event the motion was granted. We do not agree. Contrary to petitioners' assertion, we are not persuaded that Plaza's submission of responses to motions for intervention made in an entirely separate proceeding can somehow constitute voluntary participation in this proceeding. Unlike the situation in *Matter of Town of Preble v Zagata* (250 AD2d 912, 913 [1998]) and *Matter of Greco v Trincellito* (188 AD2d 963, 964 [1992]), here, Plaza did not submit any papers requesting any relief nor appear in any way in the instant proceeding (*see Matter of New York City Audubon Socy. v New York State Dept. of Envtl. Conservation, supra* at 325).

---

* We note that, thereafter, four of the petitioners herein moved to intervene in the *Behuniak* proceeding. According to petitioners, the *Behuniak* proceeding was dismissed by stipulation in October 2002 and Supreme Court apparently denied the intervenor motion as academic.

Finally, we conclude that petitioners' claim that joinder should have been granted because Plaza and respondents are "united in interest" (CPLR 203 [c]) lacks merit (*see Matter of Baker v Town of Roxbury*, 220 AD2d 961, 963 [1995], *lv denied* 87 NY2d 807 [1996]; *see also Matter of Manupella v Troy City Zoning Bd. of Appeals, supra* at 763-764). Respondents do not have the same interest in the project, financial or otherwise, as Plaza. In any event, we note that petitioners did not offer a legitimate excuse for their failure to name Plaza as a party (*see Matter of Baker v Town of Roxbury, supra* at 963-964).

Petitioners' remaining contentions have been examined and found unpersuasive.

Spain, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.