[787 NYS2d 780]

CWM Chemical Services, L.L.C., Appellant-Respondent, v Arthur J. Roth, as Commissioner of New York State Department of Taxation and Finance, et al., Respondents-Appellants.

Fourth Department, December 30, 2004

APPEARANCES OF COUNSEL

*Kirkpatrick & Lockhart, LLP.*, Boston, Massachusetts (*Roger C. Zehntner* of the Massachusetts and Illinois bars, admitted pro hac vice, of counsel), and *Harris Beach LLP,* Hamburg, for appellant-respondent.

*Eliot Spitzer, Attorney General*, Albany (*Denise A. Hartman* of counsel), for respondents-appellants.

**OPINION OF THE COURT**

MARTOCHE, J.

Plaintiff commenced this action seeking, inter alia, a declaration that section 27-0923 of the New York Environmental Conservation Law (ECL) violates the "dormant" Commerce Clause of the United States Constitution (Commerce Clause) (US Const, art I, § 8 [3]) and thereafter moved for summary judgment. Supreme Court granted plaintiff's motion in part, declaring section 27-0923 (3) (c) is invalid, unenforceable and facially discriminatory in violation of the Commerce Clause "insofar as it exempts from taxation hazardous waste resulting from remediation of in-state inactive hazardous waste sites without affording a similar exemption to remediation of similar out-of-state inactive hazardous waste sites," and declaring section 27-0923 (2) (d) invalid, unenforceable and facially discriminatory in violation of the Commerce Clause "insofar as it exempts from taxation the disposal of hazardous waste generated in New York State which has been taxed pursuant to ECL § 27-0923 (1), without exempting from taxation the disposal of hazardous waste generated in another state which has been taxed pursuant to any other state's similar generation tax." The court ordered defendants to refund certain taxes previously paid by

plaintiff under section 27-0923 for which plaintiff had timely claimed a refund. Plaintiff appeals and defendants cross-appeal from the resulting judgment.

## II

Plaintiff, which owns and operates a licensed hazardous waste treatment, storage and disposal facility in Niagara County known as "Model City," brought this action challenging the constitutionality of the funding mechanism of New York State's Hazardous Waste Remedial Fund (State Finance Law § 97-b), commonly known as the "State Superfund." Section 27-0923 of the ECL provides for special assessments on certain hazardous waste either generated or disposed of in New York State. Specifically, subdivision (1) of that section imposes a special assessment on the "generation of hazardous waste," and subdivision (2) imposes "a hazardous waste disposal special assessment" on "hazardous waste which is received" for disposal, incineration or treatment. Subdivision (2) (d) exempts from the disposal special assessment any waste "generated by persons subject to the [generation special assessment under subdivision (1)]," and subdivision (3) (c) excludes from the definition of "generation of hazardous waste" the "retrieval or creation of hazardous waste which must be disposed of due to remediation of an inactive hazardous waste disposal site in New York state."

Plaintiff, which provides its services to customers located both within and outside New York State, argues that some out-of-state hazardous waste generators are deterred from sending their waste to its Model City facility because of increased prices attributable to New York's special assessment scheme. Plaintiff paid disposal assessments through 1995, but stopped remitting disposal assessments for out-of-state remediation waste to defendant New York Department of Taxation and Finance (Department) beginning in the fourth quarter of 1995, after plaintiff itself determined that the disposal tax was unconstitutional. In 1997, plaintiff began receiving notices of deficiency from the Department for unpaid back taxes on out-of-state remediation waste.

In its complaint, plaintiff alleges that ECL 27-0923 discriminates against interstate commerce on its face and as applied, in violation of the Commerce Clause. Although plaintiff moved for summary judgment declaring section 27-0923 unconstitutional in its entirety, the court granted only partial summary judgment by declaring ECL 27-0923 unconstitutional to the extent

that it exempts from taxation hazardous waste resulting from the remediation of in-state inactive hazardous waste sites without affording a similar exemption to the remediation of similar out-of-state inactive hazardous waste sites, and to the extent that it exempts from taxation the disposal of hazardous waste generated in New York that has been taxed pursuant to subdivision (1) without exempting from taxation the disposal of hazardous waste generated in another state that has been taxed pursuant to any other state's similar generation tax. Specifically, the court granted summary judgment to plaintiff on the first cause of action to the extent that it declared subdivision (3) (c) to be facially discriminatory in violation of the Commerce Clause, but only insofar as it exempts from taxation hazardous waste resulting from remediation of in-state inactive hazardous waste sites without affording a similar exemption to remediation of similar out-of-state inactive hazardous waste sites. On that basis, the court ordered defendants to refund to plaintiff the full amount of taxes paid by plaintiff pursuant to ECL 27-0923 for the treatment, storage, disposal, or incineration of hazardous waste which must be disposed of due to remediation of an inactive hazardous waste disposal site, plus interest, but only those taxes for which plaintiff had timely claimed a refund under Tax Law § 1087.

In addition, the court granted summary judgment to plaintiff on its second cause of action to the extent that it declared subdivision (2) (d) to be facially discriminatory in violation of the Commerce Clause, but only "insofar as it exempts from taxation the disposal of hazardous waste generated in New York State which has been taxed pursuant to ECL § 27-0923 (1), without exempting from taxation the disposal of hazardous waste generated in another state which has been taxed pursuant to any other state's similar generation tax." On that basis, the court ordered defendants to refund to plaintiff the full amount of all taxes paid by plaintiff for the treatment, storage, disposal or incineration of hazardous waste generated outside of New York State equal to taxes paid to another state "upon similar generation" not to exceed the exemption granted to such hazardous waste generated in New York State, plus interest, but only those taxes for which plaintiff had timely claimed a refund under Tax Law § 1087.

### III

■ We agree with the court that ECL 27-0923 (2) (d) discriminates against interstate commerce by the preferential

treatment that it affords intrastate hazardous waste over inter-state hazardous waste by exempting assessment of the disposal tax "where such waste was generated by persons subject to the [generator tax of ECL 27-0923 (1)]," i.e., where the hazardous waste was generated within New York. Although defendants argue that the assessment of the tax on the disposal of hazard-ous waste is not discriminatory because "the tax is not on the disposal of the waste," but rather "on the waste itself that is present in this state," that argument is without merit. The statute itself does not speak in terms of the "presence" of waste or any similar term. The statute instead uses the discrete terms "disposal" (ECL 27-0923 [2]) and "generation" (ECL 27-0923 [1]). Additionally, if the assessment were truly based on the "presence" of hazardous waste and not the separate and distinct acts of generation and disposal, the rubric of ECL 27-0923 would have to account for hazardous waste that is neither generated nor disposed of in New York but is nevertheless present in the state, for example, hazardous waste generated in a different state being transported through New York by various means, such as truck, rail or ship, for disposal in a third state. Nowhere does ECL 27-0923 contemplate such a situation, let alone levy an assessment based upon it. Thus, the tax is not a single tax on the presence of hazardous waste, but instead two taxes, one on generation and one on disposal. Inasmuch as ECL 27-0923 (2) discriminates against out-of-state economic interests on its face, it fails one prong of the four-prong test set forth in *Complete Auto Tr., Inc. v Brady* (430 US 274, 279 [1977]; *see Fulton Corp. v Faulkner*, 516 US 325, 331 [1996]; *see also Chemical Waste Mgt., Inc. v Hunt*, 504 US 334 [1992] [holding that Alabama statute imposing additional fees on hazardous waste generated outside Alabama and disposed of at Alabama facilities violated the Commerce Clause because it discriminated against interstate commerce on its face]).

Having failed the facially-discriminatory prong of the *Complete Auto* test, ECL 27-0923 (2) may nevertheless still pass that test if it imposes a valid "compensatory" or "complementary" tax. Certain complementary or compensatory taxes may satisfy Commerce Clause scrutiny even though they facially discrimi-nate against interstate commerce (*see Oregon Waste Sys., Inc. v Department of Envtl. Quality of State of Or.*, 511 US 93,102-103 [1994]). In order to be a valid complementary or compensatory tax, the tax must satisfy three criteria:

"First, it must identify the intrastate tax burden for

which it attempts to compensate. Second, the interstate tax must 'roughly approximate,' but not exceed, the amount of the tax on intrastate commerce. Third, the events on which both taxes are imposed must be ' "substantially equivalent;" that is they must be sufficiently similar in substance to serve as mutually exclusive "prox[ies]" for each other' " (*Tennessee Gas Pipeline Co. v Urbach*, 96 NY2d 124, 130 [2001], quoting *Oregon Waste Sys.*, 511 US at 103).

Defendants have the burden of demonstrating that the tax is either complementary or compensatory (*see Tennessee Gas Pipeline Co.*, 96 NY2d at 133).

Although we conclude that the disposal tax satisfies the first two criteria of the compensatory tax test, the disposal tax cannot pass the third criterion of the test because the disposal tax is not a sales or use tax, and any finding by us of substantial equivalency would run afoul of the United States Supreme Court's dicta in *Fulton Corp. v Faulkner* (516 US 325 [1996]) indicating "an extreme reluctance" to recognize new compensatory tax categories beyond sales and use taxes (*id.* at 338, citing *Oregon Waste Sys.*, 511 US at 105 n 8 [rejection of substantial equivalency in the context of waste disposal]).

IV

We further agree with the court that section 27-0923 (3) (c) is unconstitutional to the extent that defendants interpret that section to exempt from the disposal tax hazardous waste resulting from the remediation of inactive hazardous waste sites in New York. ECL 27-0923 (3) (c) provides:

> "For the purpose of this section, generation of hazardous waste shall not include retrieval or creation of hazardous waste which must be disposed of due to remediation of an inactive hazardous waste disposal site in New York state as defined in section 27-1301 of this chapter."

This subdivision explicitly excludes waste retrieved or created from remediation of inactive waste sites in New York State from the generator tax, but defendants have interpreted this provision as excluding in-state remediation waste from the disposal tax as well.

Plaintiff argues that this provision discriminates against interstate commerce and is not a compensatory tax because, under

this provision, intrastate New York remediation waste is not taxed at all. Plaintiff further argues that this provision is not internally consistent because "interstate remediation waste from State A disposed of in State B would pay a State B disposal tax while State B intrastate remediation waste disposed of in State B would pay no tax at all."

We hold that, because identifiable, similarly situated in-state and out-of-state interests are treated differently, ECL 27-0923 (3) (c) violates the Commerce Clause in the same manner as does ECL 27-0923 (2) (d), to the extent that intrastate remediation waste and interstate remediation waste are being taxed differently for disposal purposes. The fact that defendants do not apply the generator tax to intrastate remediation waste does not have implications in this case because the generator tax is not applied to hazardous waste generated out of state.

## V

Plaintiff further argues that the court erred in denying its motion to the extent that it sought a declaration that section 27-0923 is unconstitutional in its entirety. "It is axiomatic that a court should refrain from declaring a statute unconstitutional when only a portion thereof is objectionable, and this is particularly true when the law contains a severability clause" (*Waste Recovery Enters. v Town of Unadilla*, 294 AD2d 766, 767 [2002], *appeal dismissed* 100 NY2d 614 [2003], *lv denied* 1 NY3d 507 [2004], *cert denied* — US —, 124 S Ct 2839 [2004]; *see Town of Islip v Caviglia*, 141 AD2d 148, 167 [1988], *affd* 73 NY2d 544 [1989]; *see also Matter of New York State Superfund Coalition v New York State Dept. of Envtl. Conservation*, 75 NY2d 88, 94 [1989]).

In this case, the 1985 amendment to the statute includes the following severability clause:

> "If any clause, sentence, paragraph, section or part of this act shall be adjudged by any court of competent jurisdiction to be invalid, such judgment shall not affect, impair or invalidate the remainder thereof, but shall be confined in its operations to the clause, sentence, paragraph, section or part thereof directly involved in the controversy in which such judgment shall have been rendered" (L 1985, ch 38, § 19).

Thus, to the extent that the generator exclusion (ECL 27-0923 [2] [d]) violates the Commerce Clause, we hold that only

this exclusion, and not ECL 27-0923 (2) in whole, should be stricken. To the extent that the intrastate remedial exclusion (ECL 27-0923 [3] [c]) violates the Commerce Clause, we hold that it may be saved by interpreting it as an exclusion of only the generator tax and not the disposal tax (*see Alliance of Am. Insurers v Chu*, 77 NY2d 573, 585 [1991] [courts are required "to avoid interpreting a statute in a way that would render it unconstitutional if such a construction can be avoided and to uphold the legislation if any uncertainty about its validity exists"]).

Although plaintiff argues that such a remedy is inconsistent with the legislative intent because it "would impose substantially greater and unforeseen tax burdens on New York waste, in effect taxing all New York waste twice, once at the point of generation and once at the point of disposal," defendants point out that the State Superfund legislation was aimed at raising revenues necessary to fund the cleanup of looming threats posed by inactive hazardous waste sites. The legislative history of the statute supports defendant's position. Langdon Marsh, then-Executive Deputy Commissioner of defendant New York State Department of Environmental Conservation, recommended the legislation, given that, "[a]t the projected rate of . . . Superfund revenues for FY 1985-86, it would take hundreds of years to clean up these sites. This bill expands Superfund revenues by eightfold in an effort to accelerate cleanup efforts" (Mem of Dept of Envtl Conservation, at 2, Bill Jacket, L 1985, ch 38). Additional memoranda and letters provide similar support (legislation intended to "provid[e] for increased funding" [Sponsors' Mem, at 3, Bill Jacket, L 1985, ch 38]; legislation "designed to increase the revenues available to the State's inactive hazardous waste programs" [Letter from State Dept of Taxation & Fin, Apr. 15, 1985, Bill Jacket, L 1985, ch 38]). Partial invalidity must not curtail the entire revenue stream necessary to fund the cleanup of inactive hazardous waste sites in New York.

## VI

Finally, plaintiff contends that the judgment fails to provide it with a "meaningful backward-looking" refund to rectify the unconstitutional discrimination against out-of-state waste by applying the requirement of Tax Law § 1087 that a refund be claimed within three years from the filing of a tax return or two years from payment of the tax. Plaintiff contends instead that, under New York law, the applicable statute of limitations

governing tax refunds is six years. Defendants contend that plaintiff's claims for tax refunds cannot be adjudicated in this declaratory judgment action, that due process does not require that plaintiff receive a refund in this action, and that plaintiff should utilize the administrative process for tax refund claims afforded it by article 27 of the Tax Law and thereafter seek judicial review of any administrative determination should plaintiff deem such review necessary. The United States Supreme Court has noted with regard to refunds, "[u]nder the Due Process Clause, . . . 'a State found to have imposed an impermissibly discriminatory tax retains flexibility in responding to this determination' " (*Harper v Virginia Dept. of Taxation*, 509 US 86, 100 [1993], quoting *McKesson Corp. v Division of Alcoholic Beverages & Tobacco, Dept. of Bus. Regulation of Fla.*, 496 US 18, 39-40 [1990]). Due process "require[s] that taxpayers be afforded a meaningful opportunity to secure either pre or postdeprivation remedies" (*Moran Towing Corp. v Urbach*, 1 AD3d 722, 724 [2003], *appeal withdrawn* 3 NY3d 635 [2004], citing *McKesson Corp.*, 496 US at 36). "[A]bsent a predeprivation remedy, due process is satisfied where a State ' "provide[s] meaningful backward-looking relief to rectify any unconstitutional deprivation" ' " (*Matter of Brault v New York State Tax Appeals Trib.*, 265 AD2d 700, 701 [1999], quoting *Harper*, 509 US at 101).

The State satisfies due process by providing both predeprivation relief in the form of a declaratory judgment action and postdeprivation relief under Tax Law § 1087. Although the court may properly consider and grant claims for monetary relief that are dependent upon a threshold claim for declaratory relief (*see Shields v Katz*, 143 AD2d 743, 745 [1988]; *Kendall v Evans*, 100 AD2d 508, 508-509 [1984]; *cf.* NY Const, art VI, § 9; Court of Claims Act §§ 8, 9; *Paramount Film Distrib. Corp. v State of New York*, 27 AD2d 420, 423 [1967]), the State "may, consistent with due process principles, invoke procedural protections such as limiting refunds to taxpayers who pay under protest or to those who provide some other timely notice of complaint" or "impos[e] relatively short Statutes of Limitation" (*Brault*, 265 AD2d at 701-702; *see McKesson Corp.*, 496 US at 45).

Plaintiff argues that its constitutional challenge is "akin to an action for moneys had and received" and thus that the present action is justiciable in Supreme Court and "governed by the six year statute" under CPLR 213. In support of its argument, plaintiff relies on *Matter of First Natl. City Bank v City of N.Y.*

*Fin. Admin.* (36 NY2d 87 [1975]). In that case, the Court of Appeals held that, where a tax statute is alleged to be unconstitutional, the statute's invalidity will affect the entire statute, including the limitations and restrictions on the remedy provided in it (*id.* at 92-93). The Court further noted that, in that case, "[o]ne method of collateral attack [was] a plenary action for moneys had and received" (*id.* at 93). As defendants correctly point out, however, *First National City Bank* is distinguishable because the action in that case was not brought against the State of New York, and, in that case, the entire statute at issue was struck down as unconstitutional.

■ There are many factual issues requiring resolution, and the record before us does not establish as a matter of law a specific amount of money owed plaintiff. Consequently, to the extent that plaintiff may be entitled to relief on the ground that portions of ECL 27-0923 are unconstitutional, we hold that plaintiff may seek relief available to it before the Department as provided for in article 27 of the Tax Law (*see* ECL 27-0923 [6] [incorporating article 27 of the Tax Law into ECL 27-0923]).

### VII

Accordingly, we conclude that section 27-0923 (2) (d) and (3) (c) as applied by defendants violate the Commerce Clause because they are facially discriminatory against interstate commerce. Moreover, because they do not impose sales or use taxes, they cannot be validated as imposing compensatory taxes. Because courts are required, if possible, to avoid interpreting a statute in a way that would render it unconstitutional and to uphold the legislation if any uncertainty about its validity exists, the judgment should be modified by providing in the first decretal paragraph that section 27-0923 (3) (c) is facially discriminatory in violation of the Commerce Clause to the extent that the exclusion set forth in that subdivision has been applied to the disposal tax set forth in section 27-0923 (2). To the extent that plaintiff is entitled to relief in the form of a refund for taxes paid, plaintiff must avail itself of remedies available under article 27 of the Tax Law, and therefore the judgment should be further modified by vacating the second and fourth decretal paragraphs, and the judgment otherwise should be affirmed. We note that, after oral argument of this appeal, ECL 27-0923 (3) (c) was amended (*see* L 2004, ch 577, part I, § 5). However, the amendment has no application to the instant controversy because it merely particularizes those in-

state hazardous waste sites to which that subdivision applies. We note that our decision may result in a disproportionate assessment on hazardous waste generated in state, and we invite the Legislature to consider amending ECL 27-0923 to address any disproportionate assessment.

PINE, J.P., SCUDDER, KEHOE and LAWTON, JJ., concur.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified, on the law, by providing in the first decretal paragraph that Environmental Conservation Law § 27-0923 (3) (c) is facially discriminatory in violation of the Commerce Clause of the United States Constitution to the extent that the exclusion set forth in that subdivision has been applied to the disposal tax set forth in Environmental Conservation Law § 27-0923 (2) and by vacating the second and fourth decretal paragraphs, and as modified, the judgment is affirmed, without costs.