■ In the Matter of RED HOOK/GOWANUS CHAMBER OF COMMERCE, Respondent, v NEW YORK CITY BOARD OF STANDARDS AND APPEALS et al., Appellants. [795 NYS2d 298]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Board of Standards and Appeals dated December 23, 2003, which, after a hearing, inter alia, granted the application of 160 Imlay Street Real Estate, LLC, for a use variance, New York City Board of Standards and Appeals and City of New York appeal, by permission, from an order of the Supreme Court, Kings County (Lewis, J.), dated July 30, 2004, which denied their motion to dismiss the proceeding for failure to join a necessary party, and granted the petitioner's cross motion for leave to serve and file an amended petition adding 160 Imlay Street Real Estate, LLC, as a necessary party, and to establish a schedule for the service of responsive pleadings, and 160 Imlay Street Real Estate, LLC, separately appeals, by permission, from the same order.

Ordered that the order is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, the motion is granted, the cross motion is denied, and the proceeding is dismissed.

The Supreme Court improperly denied the motion to dismiss the proceeding for failure to timely join the landowner, 160 Imlay Street Real Estate, LLC, as a necessary party (*see Matter of East Bayside Homeowners Assn., Inc. v Chin*, 12 AD3d 370, 371 [2004], *lv denied* 4 NY3d 704 [2005]; *Matter of Ferruggia v Zoning Bd. of Appeals of Town of Warwick*, 5 AD3d 682 [2004]; *Matter of Jenkins v Strough*, 303 AD2d 754 [2003]; *Matter of Long Is. Pine Barrens Socy. v Town of Islip*, 286 AD2d 683 [2001]; *Matter of Karmel v White Plains Common Council*, 284 AD2d 464, 465 [2001]; *Matter of Artrip v Incorporated Vil. of Piermont*, 267 AD2d 457 [1999]; *Matter of New York City Audubon Socy. v New York State Dept. of Envtl. Conservation*, 262 AD2d 324 [1999]). Contrary to the petitioner's contention, its failure to adequately explain why it did not include the landowner, who was subject to the jurisdiction of the court (*cf. Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801 [2003], *cert denied* 540 US 1017 [2003]), as a respondent in a timely manner, despite being aware of its identity, precludes it from proceeding in the landowner's absence (*see* CPLR 1001 [b]; *Matter of East Bayside Homeowners Assn., Inc. v Chin*, *supra* at 371; *Matter of Lodge v D'Aliso*, 2 AD3d 525, 526 [2003];

*Matter of Chalian v Malone,* 307 AD2d 619, 621 [2003]; *Matter of Bianchi v Town of Greece Planning Bd.,* 300 AD2d 1043, 1044 [2002]; *Matter of Spence v Cahill,* 300 AD2d 992, 993 [2002]; *Matter of Manupella v Troy City Zoning Bd. of Appeals,* 272 AD2d 761, 763-764 [2000]; *Matter of Llana v Town of Pittstown,* 245 AD2d 968, 969 [1997]). Therefore, the petitioner's cross motion for leave to serve and file an amended petition to add the landowner as a necessary party, made after the expiration of the limitations period, should have been denied as untimely (*see Matter of East Bayside Homeowners Assn., Inc. v Chin, supra; Matter of Chalian v Malone, supra; Matter of Fagelson v McGowan,* 301 AD2d 652 [2003]; *see also Battle v Brookhaven Nursing Home,* 7 AD3d 553 [2004]).

The petitioner's contention that the 30-day limitations period provided in Administrative Code of the City of New York § 25-207 (a) is unconstitutionally short is unpreserved for appellate review (*see Matter of Female D.,* 296 AD2d 408, 409 [2002]; *Matter of Alston v New York City Tr. Auth.,* 186 AD2d 649, 650 [1992]), is not properly raised in this CPLR article 78 proceeding (*see Press v County of Monroe,* 50 NY2d 695, 702 [1980]; *Matter of Ames Volkswagen v State Tax Commn.,* 47 NY2d 345, 348 [1979]), and, in any event, is without merit (*see New York Cent. & Hudson Riv. R.R. Co. v City of Yonkers,* 238 NY 165 [1924]; *CWM Chem. Servs., L.L.C. v Roth,* 15 AD3d 77 [2004]; *Matter of Brault v New York State Tax Appeals Tribunal,* 265 AD2d 700 [1999]; *Umansky v New York Metro. Tr. Auth.,* 111 AD2d 918 [1985]).

The petitioner's remaining contention is without merit. H. Miller, J.P., Cozier, Santucci and Skelos, JJ., concur.